UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MARVIN McMICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-028 |
| | ) | |
| BI-LO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this personal injury case, defendant has filed a motion to enforce eight subpoenas seeking plaintiff's medical records from various medical providers. (Doc. 15.) Specifically, defendant moves the Court to issue an order compelling the medical providers to produce the requested records forthwith and finding the providers in contempt of court pursuant to Rule 45(e) of the Federal Rules of Civil Procedure. (Id.) Plaintiff has filed no opposition to the motion.

Defendant subpoenaed medical records from the following non-parties:

(1)  Edward Mark, M.D., a physician located in Valdosta, GA;
(2)  Pathology Associates of Valdosta, located in Valdosta, GA;
(3)  Steven T. Clark, M.D., located in Duluth, GA;
(4)  Valdosta Medical Clinic, located in Valdosta, GA;
(5)  Emanuel Medical Center, located in Swainsboro, GA;
(6)  Spine Care of East Georgia, Located in Statesboro, GA;
(7)  Michael S. Landa, M.D., located in Savannah, GA; and
(8)  Dr. Gilbert Gonzalez, located in Vidalia, GA.

(Doc. 15 Ex. A.)

A subpoena seeking the production of documents from a non-party (that is separate from a subpoena commanding a person's attendance) must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(as amended 12/01/07). All of defendant's subpoenas were issued from the Southern District of Georgia. (Doc. 15 Ex. A.) Valdosta, however, is located in the Middle District of Georgia, and Duluth is in the Northern District of Georgia. 28 U.S.C. §§ 90(a), (b)(6). As subpoenas for production or inspection of medical records located in Valdosta and Duluth may not be issued by this Court, subpoenas (1)-(4) are procedurally defective. See Amgen, Inc. v. Kidney Center of Del. Co., 95 F.3d 562, 564 (7th Cir. 1996); Kan. City S. Ry. v. Nichols Constr. Corp., No. 05cv1182, 2008 WL 199875, at *3 (E.D. La. Jan. 22, 2008). Consequently, this Court is without the power to enforce them; defendant

must secure the issuance of subpoenas from the Northern and Middle Districts of Georgia. See Bruce v. Allen, No. 07cv0480, 2008 WL 269023, at *2 (W.D. La. Jan. 25, 2008).

As to the physicians located in this district, defendant requests that the records be produced to its attorney at his office in Atlanta. The Court will not order local physicians to produce their records for inspection hundreds of miles from their offices. See Fed. R. Civ. P. 45(c)(1) ("an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena"); see also Fed. R. Civ. P. 45(c)(3)(B)(iii) (the Court may quash subpoenas that force a non-party to travel more than 100 miles to attend trial). Defendant is therefore **DIRECTED** to issue new subpoenas commanding production and inspection in this district, preferably in the provider's offices.[1]

Defendant shall attach a copy of this Order to the new subpoenas so

---

[1] The Court is not blind to the fact that subpoenaed non-parties commonly arrange to copy and mail records to the party seeking the information (generally for a fee). These arrangements, however, still require the issuance of a *proper* subpoena. Accordingly, after complying with this Order, defendant's counsel is free to ask the providers to mail the records to their offices in Atlanta. Defendant is on notice, however, that it may not simply command production of documents at a location over 100 miles from the provider's offices.

that the providers will be on notice that their failure to comply with the newly-issued subpoenas without just cause may result in the imposition of sanctions.

**SO ORDERED** this  21st  day of February, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**